GEORGE McLEARY, APPELLANT, v. MARYLAND CASUALTY COMPANY, RESPONDENT.

Submitted October 30, 1931—Decided May 16, 1932.

"The plaintiff in this case was an invitee of one William Z. Helm, who was the renter and bailee of a U-Drive automobile, let to him by the U-Drive-It Company, Incorporated, of Newark, New Jersey, which prior to that time had obtained from the Maryland Casualty Company of Baltimore, the defendant herein, its policy No. X-20243, insuring the said U-Drive-It Company, Incorporated, against loss from the liability imposed by law upon the said U-Drive-It Company, Incorporated, for damage on account of bodily injury or death suffered by any person or persons, as the result of an accident occurring by reason of the negligent maintenance, use or operation of such motor vehicle upon the public highways of this state, in accordance with the statute in such case made and provided, and entitled "An act concerning motor vehicles bailed, rented or leased without a driver, to be operated by the bailee or lessee, his agent or servant, for purposes other than the transportation of passengers for hire, and their operation upon public highways," which act was approved March 29th, 1926, and which took effect immediately—which policy was issued by the Maryland Casualty Company of Baltimore to the U-Drive-It Company, Incorporated, under date of May 1st, 1928, for one year.

"Thereafter said policy was renewed for one year, under date of May 1st, 1929, and again renewed under date of May 1st, 1930, for another year. The renewals were not by the issuance of new policies, but were renewal certificates certifying that the policy should be extended in full force and

effect one year from the expiration date of such policy or prior certificate.

"On the 2d day of September, 1930, after the second renewal certificate had been issued, and while it was still in force, the U-Drive-It Company, Incorporated, rented to the said William Z. Helm, one of its U-Drive automobiles, and the said Helm invited the plaintiff, George McLeary, to become a passenger in said automobile; and while the automobile was being operated by the said Helm, an accident occurred, and the said George McLeary, the plaintiff herein, was injured.

"Thereupon suit was brought by the said George McLeary in the Second District Court of the City of Newark, and judgment therein was recovered by him against the said William Z. Helm. The said judgment not being paid by the said William Z. Helm, this suit is brought in this court and submitted upon an agreed state of facts, for judgment without pleadings, by virtue of the provisions of section 22 of chapter 231. *Pamph. L.* 1912, *p.* 381.

"It is admitted by the attorneys that the state of the law on this subject, as it existed at the time of the issuance of this policy, would have permitted a recovery in this suit by McLeary, the plaintiff in this case; but that under the provisions of the statute of 1930, chapter 90, page 326, there would be no right of recovery in the plaintiff; but the plaintiff insists that because, at the time this policy of insurance was issued, the plaintiff might have recovered under it, and because no new policy was written, the defendant is bound, under the terms of the policy, to indemnify this plaintiff upon the failure of Helm to satisfy this judgment.

"The court is not called upon at this time to determine the question of whether or not, if this accident had occurred subsequent to the adoption of the 1930 statute, and before the expiration of the policy of insurance, on May 1st, 1930, the provisions of the 1930 statute, which by its terms would prevent the plaintiff from recovering, would be ineffective as impairing the obligation of contracts, because this accident

did not occur until after the adoption of that statute, and after the second renewal of the policy.

"When the policy was renewed on May 1st, 1930, it must have been made under the terms of the 1930 statute, which was approved April 14th, 1930; and even though nothing had been said in the statute as to the effect upon the policy under those conditions, I think it would have been necessary for me to hold that the terms of the 1930 statute must be read into this policy upon its renewal on May 1st. However, the statute contains this provision: 'The provisions of this act, so far as may be requisite, shall be read into and deemed to form part of any such policy.'

"The undoubted effect of this provision of the statute was to make the 1930 statute a part of the policy, upon its renewal on May 1st, and since the accident did not occur until after that date, the plaintiff is not entitled to recover.

"The result of these views is that judgment will be given in favor of the defendant."

For the appellant, *Kuvin & Grand*.

For the respondent, *Chester W. Rothfuss*.

Per Curiam.

The judgment under review will be affirmed, for the reasons expressed in the opinion delivered in the court below by Judge Dungan.

*For affirmance*—The Chief Justice, Trenchard, Parker, Campbell, Lloyd, Case, Bodine, Donges, Van Buskirk, Kays, Hetfield, Dear, Wells, Kerney, JJ. 14.

*For reversal*—None.